**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4712

LAWRENCE AARON COLLIER, JR., a/k/a
Lonnie,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-121-A)

Submitted: May 23, 2000

Decided: September 6, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Karin B. Hoppman, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lawrence Collier, Jr., appeals his convictions for conspiracy to pass counterfeit obligations and passing counterfeit obligations in violation of 18 U.S.C. § 2 (1994) and 18 U.S.C.A.§ 472 (West Supp. 2000). Collier claims that the district court's limitation of his cross-examination violated the Confrontation Clause of the Sixth Amendment or was an abuse of discretion. He further claims that a comment by the district court, after the court limited his counsel's cross-examination of the witness, deprived him of his right to a fair trial under the Fifth and Sixth Amendments. For the reasons that follow, we affirm.

This court reviews claims of improper limitation by the district court on cross-examination for abuse of discretion. See United States v. Piche, 981 F.2d 706, 714-16 (4th Cir. 1992). The Confrontation Clause does not guarantee counsel the right to unfettered, unlimited cross-examination, nor does it prevent a trial judge from imposing reasonable limits on cross-examination based upon concerns about harassment, prejudice, confusion of the issues, witness safety, repetition, or relevance. See Delaware v. Van Arsdall , 475 U.S. 673, 679 (1986). Moreover, a district court has an affirmative duty to curtail cross-examination to preserve efficiency, avoid waste of time, and protect witnesses from harassment or undue embarrassment. See Fed. R. Evid. 611.

In the instant appeal, it is clear that the district court did not violate Collier's rights under the Confrontation Clause. The district court did not prohibit all inquiry into Laura Benavidez's credibility. To the contrary, Benavidez repeatedly admitted both on direct and cross-examination that she lied. Because Benavidez's credibility was, in fact, thoroughly and substantively probed, the district court did not abridge Collier's Confrontation Clause rights, nor did the court abuse

2

its discretion in limiting still further exploration into Benavidez's lies. See generally United States v. Ambers, 85 F.3d 173, 176-77 (4th Cir. 1996); United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994).

Collier also claims that the district court's comment that his counsel was "beating a dead horse" in response to his counsel's repetitive probing of Benavidez's credibility denied him a fair trial in violation of the Fifth and Sixth Amendments. (J.A. 119). This court reviews de novo "the ultimate question of whether the government violated a defendant's Fifth and Sixth Amendment rights." See United States v. Melgar, 139 F.3d 1005, 1008 (4th Cir. 1998).

The district court did not unfairly taint Collier's trial with the comment. The district court stated to the jury that the evidence already put before the jury, calling into question Benavidez's credibility, did not become "more convincing" with repetition. This comment suggested that Collier's counsel had already thoroughly and completely demonstrated Benavidez's mendacity. The district court's comment, therefore, did not deny Collier a fair trial.

Accordingly, we affirm Collier's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3